UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      )
                              )
v.                            )   No. 24-cr-256 (CKK)
                              )
KEVIN BRENT BUCHANAN          )
_____)

MEMORANDUM OPINION AND ORDER
(January 6, 2025)

On July 21, 2025, Defendant Kevin Buchanan ("Defendant" or "Mr. Buchanan") entered a plea of guilty to Count One of the Second Superseding Information charging him with one count of Transmittal of Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c). This matter is set for sentencing on January 7, 2026, and this Memorandum Opinion and Order resolves a dispute about application of a sentencing enhancement based on a specific offense characteristic.

In its Presentence Report ("PSR"), ECF No. 89, at 10, the Probation Office calculates Defendant's offense level as follows: (1) a base offense level of 12; plus (2) a two-level increase for a specific offense characteristic; and (3) a three-level increase for a victim related adjustment; minus (4) a two-level decrease for acceptance of responsibility. This results in a total offense level of 15, and when combined with Defendant's Criminal History Category of I, Mr. Buchanan's Sentencing Guideline range is 18-24 months. In the parties' [84] Plea Agreement, the estimated offense level under the Guidelines was calculated as 13, based on a base offense level of 12 plus a three-level increase (as noted above) and a two-level decrease (as noted above). The Plea Agreement did not anticipate a two-level enhancement based on a specific offense characteristic. Consistent with that Plea Agreement, in their sentencing memoranda, both the Government and Defendant calculate the total offense level as 13, with a Sentencing Guideline range of 12-18 months. In this case, Defendant objects to the imposition of the specific offense characteristic and the Government presents no

1

opposition to the objection.[1]

<u>Imposition of Specific Offense Characteristic</u>

The Probation Office indicates that Defendant is subject to the imposition of a specific offense characteristic, pursuant to USSG §2A6.1(b)(2)(A), warranting a two-level increase. This specific offense characteristic is based on the offense "involv[ing] more than two threats [to wit: defendant Buchanan threatened Organization 1 on October 31, 2023; twice on November 1, 2023; and twice on November 2, 2023][.]" *Id.* The Probation Officer explains that the "standard of proof is by a preponderance of the evidence — the conduct need not be formally charged nor admitted to by the defendant." PSR, ECF No. 89, at 27.

Defendant contests the imposition of this two-level increase on grounds that "the government has not sought the two-point enhancement at issue." Def.'s Sent. Mem., ECF No. 93, at 2. Defendant asserts therefore that there is "no sufficient factual predicate for the enhancement, given that the defendant's Statement of Offense acknowledges one threat made November 2, 2023, and no other trial or other evidence has been introduced to the contrary." PSR, ECF No. 89, at 26.[2] "A factual finding would be required to implement it, and a finding that the requisite factual predicate is supported by a preponderance of the evidence." Def.'s Sent. Mem., ECF No. 93, at 3.

In imposing this specific offense characteristic, the Probation Office relies upon the information contained in the initial Complaint, ECF No. 1, as well as the Statement of Offense, ECF No. 82. The Court acknowledges that the Complaint did reference each of five telephone calls to the same organization made by Defendant over the course of three days. However, the subsequently filed Second Superseding Information contains only one Count of Transmittal of Threats in

---

[1] Defendant "alternatively" raised an objection to the adjustment for acceptance of responsibility, arguing that it should be a three-level reduction, but this is contradicted by the Plea Agreement.
[2] In its PSR, the Probation Office discusses Defendant's objections to the sentencing calculation. The Court notes that Defendant's objections to the draft PSR were not filed with the Court, but Defendant did note them in his Sentencing Memorandum.

Interstate Commerce, and it is based on a call made on November 2, 2023. Furthermore, the parties' [84] Plea Agreement is based on the charge set forth in that Second Superseding Indictment, and that Agreement contains no mention of any additional threats by Defendant. Moreover, while the Statement of Offense notes that Defendant "used his cellular telephone to call the main phone line of Organization 1 five times," ECF No. 81, at ¶3, only the November 2, 2023 telephone call that occurred at approximately 2:16 p.m. is described in the Statement of Offense. *Id.* at ¶5. Based upon the record that is before this Court, the Court finds that while Defendant may have made multiple telephone calls to Organization 1, the conduct charged (and to which he pleaded guilty) revolves around a call made on November 2, 2023, which is the only call described in the Statement of Offense. Furthermore, in this case, the Defendant and the Government agree that the total offense level is 13, which is consistent with their Plea Agreement. Accordingly, it is this 5th day of January, 2026,

ORDERED that the Court upholds Defendant's objection to the two-level specific offense characteristic adjustment, with the result that Mr. Buchanan's total offense level shall be calculated as 13.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE